IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES RICHARD QUADE,

    Plaintiff,

v.                                                                                                         No. 1:19-cv-00125-SCY

JANE ANNE (CAREY) QUADE, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Stay Proceedings, Doc. 8, filed March 18, 2019, and on Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed February 13, 2019 ("Complaint").

**Motion to Stay Proceedings**

Plaintiff requests that "all courtroom action on this cause be postponed until after the 2019 Texas legislative session is over which, without extension, would occur in late May [because] Texas' Governor [Defendant] Greg Abbott is a key player in this 'presumed' divorce action." Motion at 1. The remainder of the Motion is argument regarding the alleged facts underlying this case. The Court denies the Motion to Stay Proceedings because Plaintiff has not shown that Defendant Abbott is not available to participate in this case.

**The Complaint**

Plaintiff states that the purpose of this "petition" is to "set aside" a divorce decree issued by the Lubbock County, Texas Courthouse on March 1, 2011. Complaint at 2. Plaintiff alleges that he "was not afforded equal protection under the law," and that he "was not allowed to face his accuser in court." Complaint at 4. Plaintiff appears to name over fifteen other defendants. *See*

Complaint at 2-3.  Plaintiff also seeks the following relief:  (i) "certain remedies and restitutions;" (ii) "that the TIAA payments to [Defendant Quade] be stopped;" (iii) that Defendant Quade "buy out [a property, apparently jointly owned with Plaintiff];" and (iv) that the Court order Plaintiff and Defendant Quade "meet together with the tax payer advocate in Albuquerque to iron out conflicts."  Complaint at 5.

Plaintiff fails to state a claim pursuant to 42 U.S.C. § 1983 against many of the Defendants because he does not state with particularity what each Defendant did to Plaintiff, when the Defendants committed these alleged unspecified actions, or how those actions harmed Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

Plaintiff appears to be asserting civil rights claims against three judges, a judicial clerk and the Administrative Office of Texas state courts.  "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction."  *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) (articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved.  Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties

2

had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 728 (10th Cir. 2008).

Plaintiff states that the purpose of this "petition" is to "set aside" a divorce decree issued by the Lubbock County, Texas Courthouse on March 1, 2011. Complaint at 2. "[A] federal district court does not have subject matter jurisdiction to review a case that was resolved by state courts." *Guttman v. Khalsa*, 446 F.3d 1027, 1031 (10th Cir. 2006).

The Court grants Plaintiff 21 days to file an amended complaint which includes a short and a plain statement of the grounds for the Court's jurisdiction and states a claim on which relief may be granted as to each Defendant. Failure to timely file such an amended complaint may result in dismissal of this case without prejudice.

**IT IS ORDERED** that:

(i)   Plaintiff's Motion to Stay Proceedings, Doc. 8, filed March 18, 2019, is **DENIED.**

(ii)  Plaintiff shall have 21 days to file an amended complaint.

_____
**UNITED STATES MAGISTRATE JUDGE**